**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4439**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

TIMOTHY GARRETT HOLMES, a/k/a Hot Pocket,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  J. Michelle Childs, District Judge.  (8:17-cr-00676-JMC-13)

Submitted:  December 18, 2018          Decided:  December 20, 2018

Before AGEE, THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Garrett Holmes pled guilty, without a written plea agreement, to conspiracy to possess with intent to distribute and to distribute 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and was sentenced to 120 months' imprisonment and 8 years' supervised release.* On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Holmes' sentence is reasonable. Holmes filed a pro se supplemental brief claiming that he received ineffective assistance of counsel and that the district court did not sufficiently explain its sentence in light of the 18 U.S.C. § 3553(a) (2012) factors, did not consider Holmes' nonfrivolous reasons for a lower sentence, misinterpreted the Sentencing Guidelines, and attributed the wrong quantity of drugs to Holmes. The Government declined to file a response brief. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration and internal quotation marks omitted)). This review requires consideration of both the

---

* In a related case, No. 8:17-cr-00097-01, Holmes pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to 120 months' incarceration and 3 years' supervised release, to run concurrently with his sentence in the instant case. Holmes did not appeal that conviction or sentence.

procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51.

Our review of the sentencing transcript reveals no significant procedural or substantive errors. The district court accurately calculated Holmes' advisory Guidelines range and gave the parties the opportunity to present argument and Holmes the opportunity to allocute. The court then sentenced Holmes to 120 months' imprisonment and 8 years' supervised release—the mandatory minimum sentence for which Holmes, who has a prior felony drug conviction, was eligible. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B).

As to Holmes' claim that he received ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). Our review of the record identified no conclusive

evidence of ineffective assistance. Holmes' claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Holmes, in writing, of the right to petition the Supreme Court of the United States for further review. If Holmes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holmes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*